UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 8:11-CR-572-T-17MAP

NIBSON FERNEY MANDINGA
CAMPAZ

_____/

ORDER

This cause is before the Court on:

Dkt. 223   Motion for Reduction of Sentence Pursuant to
           U.S.S.G. Sec. 3B1.2 (Minor Role)
Dkt. 227   Response

Defendant Nibson Ferney Mandinga Campaz, pro se, requests a reduction of Defendant's sentence pursuant to U.S.S.G. Sec. 3B1.2.

The Government opposes Defendant Campaz's Motion for Reduction of Sentence. The Government argues that, pursuant to 18 U.S.C. Sec. 3582(e), a district court may modify a defendant's sentence only in limited circumstances, and Defendant Campaz does not meet the requirements of any of those circumstances. (Dkt. 227, p. 3).

After entering a plea of guilty to Count 3 of the Superseding Indictment pursuant to a Plea Agreement (Dkt. 123), Defendant Campaz was sentenced on January 25, 2013. At the time of sentencing, the Court granted the Government's Motion for Downward Departure (3 levels) for Defendant's substantial assistance, and granted an additional level. Defendant Campaz was sentenced to 108 months

Case No. 8:11-CR-572-T-17MAP

imprisonment, followed by 60 months supervised release; the fine was waived; and a special assessment fee of $100.00. (Dkt. 168).

Defendant Campaz's Plea Agreement provides:

2. <u>Maximum Penalties</u>

Count Three is punishable by a mandatory minimum term of imprisonment of ten (10) years up to life imprisonment, a fine of up to ten million dollars ($10,000,000), a term of supervised release of at least five (5) years, and a special assessment of $100 per felony count.

3. Under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), a maximum sentence of life imprisonment may be imposed with respect to Count Three because the following facts have been admitted by the defendant and are established by this plea of guilty:

The Defendant conspired with others to possess with intent to distribute or to distribute five (5) kilograms or more of cocaine.

......

5. <u>Appeal of Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence...on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) The ground that the sentence violates the Eighth Amendment of the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(e).

2

Case No. 8:11-CR-572-T-17MAP

The Advisory Guideline Range determined by the Court at sentencing, prior to departures, was:

| | |
|---|---|
| Total Offense Level | 35 |
| Criminal History Category | I |
| Imprisonment Range | 168 to 210 months |
| Supervised Release Range | 5 years |
| Fine Range | $20,000 to $10,000,000 |
| Special Assessment | $100 |

At sentencing, Defendant Campaz objected to Paragraph 21 of the PSR; (Specific Offense Characteristic U.S.S.G. Sec. 2D1.1(b)(16)). Paragraph 21 provides:

> 21. **Specific Offense Characteristics:** If the defendant unlawfully Imported or exported a controlled substance under circumstances in which a submersible vessel or a semi-submersible vessel as described in 18 U.S.C. 2285 was used, increase by 2 levels. This offense involved such a vessel; therefore, the offense level is increased by 2 levels.

The Court overruled Defendant Campaz's objection. (Dkt. 210, p. 18).

Defendant Campaz did not appeal the Final Judgment. Defendant Campaz filed a Sec. 2255 Petition (Dkt. 199), which the Court denied. (Dkt. 200).

Defendant Campaz moved to reduce Defendant's sentence (Dkt. 202), which the Court construed as an Amendment 782 motion, and which the Court denied. (Dkt. 224).

3

Case No. 8:11-CR-572-T-17MAP

Defendant Campaz filed a Motion to Compel the Government to file a Rule 35 Motion (Dkt. 207), which the Court denied. (Dkt. 208). Defendant Campaz filed a second Motion to Reduce Sentence (Rule 35) (Dkt. 229), which the Court denied. (Dkt. 230).

On November 15, 2016, the U.S. Probation Office filed its Amendment 782 Memorandum. (Dkt. 210). On March 9, 2017, the Federal Defender's Office filed the Notice that the Federal Defender has satisfied the Omnibus Amendment 782 Order. (Dkt. 219).

I. Discussion

18 U.S.C. Sec. 3582(c)(2) provides:

(c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that–

......

2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In November, 2015, the Sentencing Commission added clarifying language to Application Note 3(C) for Sec. 3B1.2, which explained the factors the Court considers for a minor-role adjustment, and which did not substantively alter Sec. 3B1.2. The Sentencing Commission stated that Amendment 794 provides additional guidance to

Case No. 8:11-CR-572-T-17MAP

sentencing courts. See U.S.S.G. Supp. App. C, Amend. 794, Reason for Amendment. See U.S. v. Cruickshank, 837 Fed.3d 1182, 1193-1194 (11th Cir. 2016).

Defendant Campaz has requested a reduction of Defendant's sentence based on U.S.S.G. Sec. 3B1.2 (Minor Role). Based on the subject matter, the Court construes Defendant Campaz's Motion as a request for reduction of sentence pursuant to Amendment 794.

The Court notes that Defendant Campaz's Plea Agreement contained an appeal waiver. The limited grounds that would have permitted Defendant Campaz to appeal are not present. Defendant Campaz was sentenced below the mandatory minimum.

Amendment 794 made no substantive change to U.S.S.G. Sec. 3B1.2.; Amendment 794 is a clarifying amendment. Defendant Campaz had the opportunity to challenge the denial of a minor role adjustment at his sentencing and on direct appeal. Defendant Campaz raised another objection at sentencing, but did not assert that Defendant Campaz was entitled to a minor-role adjustment.

Nonconstitutional claims such as clarifying amendments to the Sentencing Guidelines "can be raised on collateral review only when the alleged error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demand of fair procedure.'" See Burke v. U.S., 152 F.3d 1329, 1331 (11th Cir. 1998) (quoting Reed v. Farley, 512 U.S. 339, 348 (1994)). The "fundamental miscarriage of justice" exception provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent." See Murray v. Carrier, 477 U.S. 478, 496 (1986)([I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is

Case No. 8:11-CR-572-T-17MAP

actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default).

Amendment 794 provides a nonexhaustive list of factors the Court should consider when determining whether a mitigating role adjustment applies. See U.S.S.G. Sec. 3B1.2. Defendant Campaz did not raise this issue on direct appeal, and cannot raise it on collateral review because Defendant Campaz has not established that it is a fundamental defect that results in a complete miscarriage of justice, or its omission is inconsistent with the rudimentary demand of fair procedure. The Court further notes that Amendment 794 is not retroactive on collateral review. See U.S.S.G. Sec. 1B1.10 (d) (listing amendments that have been made retroactively applicable to defendants on collateral review). Accordingly, it is

**ORDERED** that pro se Defendant Nibson Ferney Mandinga Campaz's Motion for Reduction of Sentence (Dkt. 223) is **denied**. The Clerk of Court **shall provide** a copy of this Order to pro se Defendant by U.S. Mail.

Case No. 8:11-CR-572-T-17MAP

**DONE and ORDERED** in Chambers in Tampa, Florida on this ___ day of May, 2018.



ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

<u>Pro</u> <u>Se</u> Defendant Nibson Ferney Mandinga Campaz
#55671-018
D. Ray James C. F.
P. O. Box 2000
Folkston, GA   31537