UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 8:11-CR-572-T-17MAP

NIBSON FERNEY MANDINGA
CAMPAZ.

_____/

ORDER

This cause is before the Court on:

Dkt. 239   Motion for Reconsideration

Defendant Nibson Ferney Mandinga Campaz, pro se, requests reconsideration of the denial of Defendant's Motion for Reduction of Sentence Pursuant to U.S.S.G. Sec. 3B1.2 (Minor Role). (Dkt. 238).

Defendant Campaz asserts that Defendant was prejudiced by ineffective assistance of counsel, in that Defendant's counsel advised Defendant to waive his appeal rights.

Defendant Campaz previously filed a Sec. 2255 Motion in which Defendant Campaz raised the issue of ineffective assistance of counsel, as to the alleged failure to argue relevant case law. Defendant Campaz did not assert ineffective assistance of counsel as to Defendant's waiver of his appeal rights. The Court denied Defendant's Sec. 2255 Motion. (Dkt. 200).

In order for Defendant Campaz to pursue a second Sec. 2255 Motion, the Eleventh Circuit Court of Appeals must certify the Motion pursuant to 28 U.S.C. Sec. 2255(h).

Case No. 8:11-CR-572-T-17MAP

The Court has listened to the recording of Defendant Campaz' change of plea hearing before Magistrate Judge Pizzo on October 30, 2012. Defendant Campaz testified under oath that the Plea Agreement was read to Defendant, and translated. Defendant Campaz further testified that no threats were made or force was exerted to induce Defendant to enter a guilty plea, and that Defendant made the decision to plead guilty after speaking with his counsel. The assigned Magistrate Judge explained the provisions of Paragraph 5, p. 14, waiver of appeal, as well as Defendant's right to go to trial and present a defense, and the sentencing process. When Defendant Campaz was asked if Defendant was satisfied with the advice and representation of counsel, Defendant Campaz testified that he was satisfied. Defendant Campaz further testified that the facts within the Plea Agreement were read to him, and that the facts were true. At the end of the change of plea proceeding, Magistrate Judge Pizzo concluded that Defendant Campaz' guilty plea was knowing and voluntary, and had a basis in fact.

Defendant Campaz now asserts that the Court should conduct an evidentiary hearing to determine whether Defendant Campaz instructed counsel to file a Notice of Appeal. Defendant Campaz asserts that Defendant Campaz was prejudiced when Defendant's counsel advised Defendant to waive his appeal rights. Because Defendant Campaz did not raise this issue in his Sec. 2255 Motion, and because Defendant Campaz did not obtain certification for a second Sec. 2255 Motion pursuant to Sec. 2255(h), the Court denies Defendant's Motion for Reconsideration. Accordingly, it is

**ORDERED** that pro se Defendant Nibson Ferney Mandinga Campaz' Motion for Reconsideration (Dkt. 239) is **denied**.

Case No. 8:11-CR-572-T-17MAP

**DONE and ORDERED** in Chambers in Tampa, Florida on this 25th day of July, 2018.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

Pro Se Defendant
Nibson Ferney Mandinga Campaz
55671-018
D. Ray James C.I.
P. O. Box 2000
Folkston, GA    31537